**No. 57300.**—Naumes Forwarding Service *v.* United States, protest 186275–K/3795 (Chicago).

Oliver, Chief Judge: This case relates to two items of merchandise, described on the invoice as "Buckle Lighter—Hard Chrome finish," and "Buckle Lighter Gold finish."

The collector regarded the components of the articles as separate entities and assessed duty accordingly. The lighters were assessed with duty at combined rates equivalent to 110 per centum ad valorem under the provisions of paragraph 1527 (c) (2), as originally enacted, and the buckles were assessed with duty at the rate of 65 per centum under paragraph 1527 (c) (2), as modified by T. D. 51802, supplemented by T. D. 51898.

Plaintiff claims that the merchandise should be classified as an entirety under the provision for articles valued above $5 per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, and composed wholly or in chief value of metal other than gold or platinum in paragraph 1527 (c) (2), as modified by T. D. 51802, carrying a dutiable rate of 45 per centum ad valorem.

Plaintiff does not dispute the assessment of an internal revenue tax at the rate of 1½ cents per pound on the copper content under section 3425 of the Internal Revenue Code.

The record consists of the testimony of the president of the importing corporation and samples of the present merchandise, plaintiff's exhibits 1 and 2. The evidence is considered collectively.

Each of the articles in question is a combination buckle and lighter, approximately 2 inches long and one-half of an inch in thickness, and composed entirely of metal that is neither gold nor platinum. The buckle is made up of two sections or parts. The back plate is obviously designed for use as the connecting piece to a belt, and is peculiarly made to be the receptacle for the front piece of the buckle which also houses the lighter. The lighter is made so that it fits compactly into the front piece. The back of the lighter has a screw that serves a double purpose, described by the witness as follows: "Well, the screw now seals the lighter part after the fluid is in. It also acts as the snap that snaps the lighter into part of the buckle." The front piece of the buckle is convex and is etched, giving the surface a decorative effect.

The merchandise is sold as a "buckle lighter combination to belt manufacturers," who sell the imported article with a belt. Both are attractively arranged in a suitable container, plaintiff's illustrative exhibit 3. The witness stated that in actual use the imported article "is attached on a snap-on belt and the buckle part of it acts as a buckle; the lighter is snapped in and out, as the user wants to use it."

A leading case on the subject of entireties is *Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T. D. 41232, wherein the court said:

* * * if an importer brings into the country, at the same time, certain parts, which are designed to form, when joined or attached together, a complete article of commerce, and when it is further shown that the importer intends to so use them, these parts will be considered for tariff purposes as entireties, even though they may be unattached or inclosed in separate packages, and even though said parts might have a commercial value and be salable separately.

Applying the foregoing interpretation to the present merchandise, we find that the components, forming the combination buckle lighter under consideration, "are designed to form, when joined or attached together, a complete article of commerce." The entire unit, when completely assembled, is neither a lighter nor a buckle. Neither component is complete in itself; each is a complement to the other. Neither the lighter nor the buckle is susceptible of practical use without being combined, as shown by their imported condition, plaintiff's exhibits 1 and 2.

Counsel for defendant, in their brief, rely strongly on the case of *United States* v. *Saks & Co., Inc.*, 21 C. C. P. A. (Customs) 186, T. D. 46714, wherein the merchandise consisted of "women's leather hand bags, not jewelry, each having a watch set in one corner of the bag, on the outside." In holding each of those articles—the leather bag and the watch—to be classifiable as separate entities,

the court emphasized the fact that the watches are "set in one corner of the bag, *on the outside*" [italics quoted], and made particular mention that the agreed facts did not show that the "watches extend entirely through the side of the bag." The present merchandise is distinguishable from that involved in the *Saks & Co., Inc.*, case. In this case, the components, as they make up the finished article, are indispensable to each other. The lighter is designed to, and actually does, form an integral part of the buckle, and the same is true with respect to the buckle and its relationship to the lighter. The back screw of the lighter is the fastening device that snaps together the front and back pieces of the buckle. The front plate of the buckle is a housing for the lighter. Without that housing, the lighter would not close, and if not closed, the wick would be exposed and the fluid would evaporate, thereby rendering the lighter useless. The back plate, with its sharp flange on each side and stamped-out portion, is not only unattractive, but also impractical, for use as a buckle, without attachment of the ornamental front piece. Considering this merchandise as a unit, it is more than either a buckle or a lighter, although the presence of each is essential to the finished article now before us.

Under the principle of the *Altman & Co.* case, *supra*, the combinations of buckle and lighter in question are entireties, and, being metal articles, admittedly valued at over $5 per dozen pieces, and designed to be worn on apparel or carried on or about or attached to the person as incidental articles of mere personal comfort, convenience, or adornment, they are classifiable under the provision for such merchandise in paragraph 1527 (c) (2), as modified by T. D. 51802, and dutiable thereunder at the rate of 45 per centum ad valorem, as claimed. *United States* v. *Horstmann Co.*, 14 Ct. Cust. Appls. 443, T. D. 42079.

The protest is sustained and judgment will be rendered accordingly.