(C. D. 1814)

Camera Specialty Co., Inc.
Rohner Gehrig & Co., Inc. } *v.* United States

United States Customs Court, First Division

(Decided October 18, 1956)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* and *Edward N. Glad* of counsel) for the plaintiffs.

*George Cochran Doub*, Assistant Attorney General (*Murray Sklaroff*, trial attorney), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

WILSON, Judge: An importation, consisting of various cameras "with eveready cases," was separately classified by the collector. The cameras were classified at the rate of 15 per centum ad valorem under paragraph 1551 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52739, supplemented by Presidential proclamation, T. D. 52820, as "Photographic cameras not specially provided for." The cases were classified at the rate of 20 per centum ad valorem under paragraph 1531 of the said act, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, under the provisions therein for cases, wholly or in chief value of leather.

Plaintiffs herein make protest against the classification of the leather cases in question, claiming that the imported cameras and cases are entireties and that, as such, they are properly classifiable under the provision in paragraph 1551 of the tariff act, as modified, *supra*, as photographic cameras.

The only witness called was Mr. Felix Plichta, who testified that he was in charge of importations and "everything connected with buying and selling" of cameras for the plaintiff company, a concern engaged in the importing and selling of cameras and photographic equipment. A camera in a leather case, stated by plaintiffs' witness to be of the same construction as, and representative of, the cameras and cases here imported, was received in evidence as plaintiffs' illustrative exhibit 1. The witness stated that items, such as plaintiffs' illustrative exhibit 1, are sold to photographic retail dealers all over the country and to a few wholesale dealers. He further testified that the cameras covered by the pertinent entry were imported in the leather cases, the whole being contained in a small plastic bag (R. 10).

He stated that these cameras and cases are normally sold as one unit; that, when an order is received for an "Edixa" camera, the type here imported, the camera is sold and shipped together with the case. However, plaintiffs make two separate charges in billing for the cameras and cases, the witness explaining that a Government excise tax is payable on the camera but not on the case. Plaintiffs' witness further stated that the leather cases are not returnable by the customer.

Mr. Plichta further stated that he personally takes pictures with cameras such as plaintiffs' illustrative exhibit 1 and that he always leaves the camera in the case when taking pictures, because the case protects the camera; that it is also handier for picture taking to have the camera in the case hanging from the neck; and that the camera is only taken out of the case when loading or unloading film (R. 14). In the opinion of the witness, the leather case, which is part of plaintiffs' illustrative exhibit 1, has no other practical use than to carry the particular camera here imported.

On cross-examination, plaintiffs' witness testified that a picture cannot be taken with the case closed but that, in taking pictures, the little "flap" must be let down. He agreed that the camera could take a picture without the case on there at all and that the case does not help take a picture (R. 14–15). The witness further testified that his firm would sell a case without a camera, where it was a matter of replacing a destroyed case. He then stated that his firm does not import any other camera of the particular size of plaintiffs' illustrative exhibit 1, which is an "Edina 28/43," using 35-mm. film, but does import other models, A, B, C, and D, using 35-mm. film, not of the same size. Plaintiffs' illustrative exhibit 1 is a model "A" camera (R. 16).

There was received in evidence, as defendant's exhibit A, a price list distributed by the plaintiffs to dealers and wholesalers. The witness identified items therein listed as Edixa models A and B and coupled rangefinder C as models distributed by his concern, as well as items marked "eveready case" for models A, B, C, and D. It appears that separate prices are quoted in defendant's exhibit A for the cameras and cases. Plaintiffs' witness stated, however, that these cameras and cases are always sold together (R. 19). He further testified that, as imported, each camera is screwed to the leather case, as appears in plaintiffs' illustrative exhibit 1, and that only the neck strap is packed separately in each box.

The issue in this case is whether or not the imported cameras with their cases constitute two separate items and, thus, are separately dutiable, as classified by the collector, or whether the cameras with their cases are "entireties" for customs purposes and dutiable, as such, as claimed by the importer.

The question as to what constitutes an entirety has been before this and our appellate court on numerous occasions. In *Naumes Forwarding Service* v. *United States*, 30 Cust. Ct. 441, Abstract 57300, the merchandise consisted of a buckle and lighter which was sold as a "buckle lighter combination to belt manufacturers," who sold the imported article with a belt. It appeared that, in actual use, the imported article was attached on a snap-on belt and "the buckle part of it acts as a buckle; the lighter is snapped in and out, as the user wants to use it." The collector regarded the components of the articles as separate entities and assessed duty accordingly. In holding the buckle and lighter in question were entireties, the court, in the *Naumes Forwarding Service* case, *supra*, page 442, cited as authority the case of *Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T. D. 41232, and stated as follows:

* * * Applying the foregoing interpretation to the present merchandise, we find that the components, forming the combination buckle lighter under consideration, "are designed to form, when joined or attached together, a complete article of commerce." The entire unit, when completely assembled, is neither a lighter nor a buckle. Neither component is complete in itself; each is a complement to the other. Neither the lighter nor the buckle is susceptible of practical use without being combined, as shown by their imported condition, plaintiff's exhibits 1 and 2.

* * * In this case, the components, as they make up the finished article, are indispensable to each other. * * *

Plaintiffs, in this case, cite as controlling the case of *L. Oppleman, Inc.* v. *United States*, 73 Treas. Dec. 817, T. D. 49565. The merchandise there involved consisted of certain aneroid barometers and parts thereof, and barometer frames or cases. This court held the barometers and frames therein involved to be entireties and, as such, properly dutiable at the rate of 27½ per centum ad valorem under the provision in paragraph 372 of the Tariff Act of 1930 for machines and parts, not specially provided for, rather than at the rate of 45 per centum ad valorem under paragraph 397 of said act as manufactures of metal, not specially provided for. In so holding, the court, page 819, stated:

* * * These casings or frames are necessary to enable the barometer to function properly in its intended place, the two being permanently fastened or screwed together. The function of these frames and the barometers contained therein is precisely similar to that of a complete watch comprising a case and movement.

The facts in the *Oppleman* case, *supra*, are distinguishable from those in the case at bar. Here, the leather cases in question are not necessary for the proper functioning of the cameras, but may be used or not used without any appreciable effect on the operation of the cameras with which they are imported. Accordingly, the holding in the aforesaid case is not controlling of the issue herein.

In *United States* v. *Kalter Mercantile Co. et al.*, 11 Ct. Cust. Appls. 540, T. D. 39680, the merchandise in question consisted of certain rubber boots, fitted with rubber loops, by means of which leather straps imported with them could be used to bind the boot to the foot and ankle of the wearer. In holding that the boots and straps were not classifiable as entireties but that they were properly dutiable as separate entities, our appellate court therein, page 545, stated:

We are of the opinion that even though it be considered that the boots and the straps were designed to be used together, when desired, and were sold together by the importers, yet, when used together, each retains its identity, name, and character; each is a separate entity; and when attached, each performs its separate function without loss of any of its essential characteristics. The boot remains a boot and the leather strap remains a leather strap. When separated the boot remains useful as a boot. It retains its commercial entity and remains complete in itself, a rubber boot. The leather strap also retains its essential character and commercial entity, and remains complete in itself, a leather strap, or, as has been suggested, a leather belt.

The principles governing the determination as to what constitutes entireties for customs purposes were succinctly set forth in the opinion of this court in the case of *Donalds Ltd., Inc.* v. *United States*, 32 Cust. Ct. 310, 315, C. D. 1619, as follows:

* * * If what is imported as a unit is actually and commercially two or more individual entities which, even though imported joined or assembled together, nevertheless, retain their individual identities and are not subordinated to the identity of the combination, duties will be imposed upon the individual entities in the combination as though they had been imported separately. Conversely, if there are imported in one importation separate entities, which by their nature are obviously intended to be used as a unit, or to be joined together by mere assembly, and in such use or joining the individual identities of the separate entities are subordinated to the identity of the combined entity, duty will be imposed upon the entity they represent.

The principles enunciated in the *Donalds* case, *supra*, apply with equal force and effect to the case at bar. Here, the merchandise imported is "actually and commercially two or more individual entities which, even though imported joined or assembled together, nevertheless, retain their individual identities and are not subordinated to the identity of the combination." Accordingly, duties are chargeable upon the individual entities in the combination herein as though they had been imported separately. While it may be true, as alleged by plaintiffs' witness, that the camera is only taken out of the leather case when loading or unloading film, admittedly the camera can take a picture without being in the case, and the case contributes nothing to the operation of the camera. As a matter of fact, the record shows that, when taking pictures with the camera, the flap of the leather case itself must be opened.

Upon the basis of the record presented and the cited authorities, we are of opinion and hold that the involved leather cases and the cameras contained therein are not dutiable as entireties. Accordingly, the leather cases here in question are properly dutiable at the rate of 20 per centum ad valorem under paragraph 1531 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, as cases, wholly or in chief value of leather, as assessed. The protest claim herein is overruled. Judgment will be entered accordingly.