**V. ALEXANDER & COMPANY, Inc.,**
Plaintiff,

v.

**UNITED STATES, Defendant.**

C. D. 3212; Protest No. 66/44456(A)–131.

United States Customs Court,
Second Division.

Dec. 4, 1967.

V. Alexander, Memphis, Tenn. (Donald A. Hitchcock, Memphis, Tenn., of counsel) for plaintiff.

Edwin L. Weisl, Jr., Asst. Atty. Gen., (Sheila N. Ziff and Brian S. Goldstein, New York City, trial attys.), for defendant.

Before RAO, Chief Judge, and FORD, Judge.[1]

RAO, Chief Judge:

This protest places in issue the classification of an importation invoiced as "Folding type Pick Shovel" which was classified as other hand tools under item 651.47 of the Tariff Schedules of the United States and assessed with duty at the rate of 17 per centum ad valorem. Plaintiff claims that the importation should be dutiable at the rate of 7.5 per centum ad valorem either as the consequence of classifying the pick portion under item 648.53 of the Tariff Schedules of the United States, as amended by section 37 of Public Law 89–241, and the shovel portion under item 648.51 of said tariff schedules, or as a consequence of following the rules regarding the determination of a dutiable rate for commingled articles as outlined in subsection 7(a) of the Tariff Schedules Headnotes and Rules of Interpretation and hence applying to the entire importation the rate of 7.5 per centum ad valorem purportedly governing the shovel.

The relevant statutory provisions are as follows:

Classified under [TSUS]:

Hand tools (including table, kitchen, and household implements of the character of hand tools) not specially provided for, and metal parts thereof:

 \* \* \* \* \* \* \* \*

Other hand tools \* \* \*:

 \* \* \* \* \* \* \* \*

Other:

Of iron or steel:

 \* \* \* \* \* \* \* \*

651.47 Other ....................17% ad val.

Claimed under [TSUS]:

Items 648.51 and 648.53 of the Tariff Schedules of the United States, as amended by Public Law 89–241, sections 2(a) and 37, 79 Stat. 933:

Drainage tools, scoops, shovels, spades, picks, mattocks, hoes, rakes and forks; axes, adzes, hatchets, machetes, and similar hewing tools; scythes, sickles, grass hooks, corn knives, hay knives, hedge and grass shears, pruning shears and sheep shears; all the foregoing which are hand tools, and metal parts thereof:

648.51 \* \* \* shovels, \* \* \* ..... 7.5% ad val.

648.53 Picks \* \* \* ........17% ad val. .

TSUS General Headnotes and Rules of Interpretation:

> 7. Commingling of Articles (a) Whenever articles subject to different rates of duty are so packed together or mingled that the quantity or value of each class of articles cannot be readily ascertained by customs officers (without physical segregation of the shipment or the contents of any entire package thereof), by one or more of the following means:
>
>> (i) sampling,
>>
>> (ii) verification of packing lists or other documents filed at the time of entry, or
>>
>> (iii) evidence showing performance of commercial settlement tests generally accepted in the trade and filed in such time and manner as may be prescribed by regulations of the Secretary of the Treasury,
>
> the commingled articles shall be subject to the highest rate of duty applicable to any part thereof unless the consignee or his agent segregates the articles pursuant to subdivision (b) hereof.
>
> \* \* \* \* \* \* .

As a preliminary matter, we note that the rate of duty applicable to picks under item 648.53 at the time of entry herein was 19 per centum ad valorem. The reduced rate of 7.5 per centum ad valorem made applicable by Public Law 89–241 is not available to plaintiff in this case since the prerequisites of that amendment have not been satisfied. The benefit of the reduced rates in Public Law 89–241 accrues only to articles which were entered or withdrawn from the warehouse for consumption after the 60th day following the October 7, 1965, date of enactment of Public Law 89–241; namely after December 6, 1965, or, to those articles entered during an earlier period, only if a request is filed with the appropriate customs official. The instant importation was entered before December 7, 1965, and since no request was filed to gain the benefit of the lower rate, to the extent that the rate for picks under item 648.53 is applicable to the issues herein, it is 19 per centum ad valorem.

At the trial, the parties stipulated that the merchandise involved in this case is a combination pick and shovel, a sample of which was introduced in evidence as plaintiff's exhibit 1. No other testimony was offered concerning the importation.

Our examination of the exhibit reveals that it is indeed a combination pick and shovel. Attached to one end of a single handle are a shovel head and a pick head. The arrangement is so contrived that, when the shovel is secured in working position, the pick lies against the handle. When the pick is in working position at a right angle to the handle, the shovel also protrudes at a right angle.

It is apparent from our examination of the exhibit that the instant importation is a single article which is the result of the permanent joinder of two tools which are ordinarily found in solitary form. The features of a pick and shovel have been combined to produce an article which differs from both of its progenitors by reason of that very combination. By no interpretation of fact or law can this combination pick-shovel be divided and treated as a separate shovel and a separate pick. The merger of the shovel and pick into a unit fastened to a single handle which unit may perform only one function at a time precludes such treatment.

From an examination of the exhibit and a review of the relevant case law, we reach the conclusion that the instant importation is a single article of commerce and not two separable articles. This basic finding is determinative of the outcome of the case and fatal to plaintiff's claim.

The case law lends support to the distinction between the situation where two articles which have been joined together retain their separate identities and hence may be classifiable under various *eo nomine* provisions and the situation where the joinder produces a product which is distinct from the component

articles and removes the components from *eo nomine* provisions.

In Garrard Sales Corp. v. United States, 35 CCPA 39, C.A.D. 369, a phonograph and radio which were combined in a single unit, sharing an amplifier and loudspeaker system, were held to be a new combination article which was excluded not only from classification as a phonograph but also from classification as an article similar thereto. See also Thorens, Inc. v. United States, 31 CCPA 125, C.A.D. 261 and Lador, Inc. v. United States, 4 Cust.Ct. 123, C.D. 304.

In Cragstan Corporation v. United States, 51 CCPA 27, C.A.D. 832, a baby doll supported by a metal walker was held to be more than a figure or image of an animate object which would have been the classification of the doll alone. This was due to the integral importance of the walking component. See also, H. Hudson Dobson and Milton Snedeker Corp. v. United States, 28 Cust.Ct. 290, C.D. 1424.

In Clutsom Machines, Inc. v. United States, 21 Cust.Ct. 30, C.D. 1122, a machine which performed the combined functions of weaving and knitting was held not classifiable as a loom, which classification would have been adequate only for the weaving function. See also, A. Tanzi Engineering Co. and Schneider Bros. & Co., Inc. v. United States, 30 Cust.Ct. 4, C.D. 1490.

In Naumes Forwarding Service v. United States, 30 Cust.Ct. 441, Abstract 57300, a combination belt buckle and lighter was held to be neither a buckle nor a lighter and was classified, as an entirety, as an article designed to be worn on apparel or carried on or about or attached to the person. In Kaufman & Vinson Co. v. United States, 44 Cust. Ct. 238, C.D. 2180, a combination article consisting of a map measuring device and a magnetic compass was classified as an article in chief value of base metal, not specially provided for, since it was more than a measuring instrument as contemplated by the collector's classification of it as a mathematical instrument.

In sum, the meaning of the above cases may be understood as a limitation on the scope of specific statutory provisions and *eo nomine* enumerations. An article will be excluded from its normal provision when, by virtue of joinder with another article, it becomes an inseparable part of a multifunction entity. That is to say, when the change undergone is no longer merely an evolutionary advance or the addition of a subsidiary auxiliary part, the changed article becomes more than that which it formerly was. This point is developed thoroughly in the case of United-Carr Fastener Corporation v. United States (Northern Screw Corp., Party in Interest), 56 Cust. Ct. 347, C.D. 2648.

In light of the above, we find no merit in plaintiff's contention that the shovel portion and pick portion be classified under their respective *eo nomine* designations. In addition, the provision of General Headnote 7(a) of the tariff schedules, contemplating as it clearly does the mingling of two distinct, separable and independent articles, has no application to the inseparable components of the instant importation. United States v. F. W. Myers & Co., Inc., 45 CCPA 48, C.A.D. 671. In any event, our clarification, supra, of the rate of duty applicable to the shovel as 19 per centum ad valorem would, if we applied the rules governing commingling, result in a rate of duty higher than that assessed. Consequently, the court will not disturb the collector's classification of the combination pick-shovel as a hand tool, not specially provided for.

For the above reasons, the protest herein is overruled and judgment will be rendered in favor of the defendant.

FORD, Judge, concurs.