60 CCPA

**PACKARD INSTRUMENT CO. et al.,
Appellants,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5462.**

United States Court of Customs and Patent Appeals.

Jan. 4, 1973.

Barnes, Richardson & Colburn, New York City, attorneys of record, for appellants; David O. Elliott, New York City, of counsel.

Harlington Wood, Jr., Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Susan C. Cassell, New York City, for the United States.

[Oral argument October 2, 1972 by Mr. Elliott and Mr. Jordan J. Fiske]

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN, and LANE, Judges.

MARKEY, Chief Judge.

This is an appeal from the decision and judgment of the United States Customs Court, Second Division 66 Cust. Ct. 101, C.D. 4176 (1971), overruling eight consolidated protests against the classification of multichannel analyzers and parts thereof as parts of scientific and laboratory instruments under modified paragraph 360. We affirm.

The merchandise consists of SA–40 analyzer units, essential and optional internal parts of these units, and external accessories.[1]

In the court below the Government asserted an alternative claim for classification of the SA–40 units under paragraph 360 as scientific or laboratory instruments, should it be determined that these units were complete instruments in themselves. Appellants claimed the proper classification for all the merchandise to be articles having as an essential feature an electrical element or device, or

---

1. At the trial it was stipulated that "all of the other merchandise is specially designed to go into the SA–40."

parts thereof under modified paragraph 353.

The pertinent provisions of the Tariff Act of 1930, as modified by T.D. 55615 and T.D. 55816, are:

Para.
360   Scientific and laboratory instruments, apparatus, utensils, and appliances (including surveying and mathematical instruments), and parts thereof, wholly or in chief value of metal, and not plated with gold, silver, or platinum, finished or unfinished, not specifically provided for:
  \*    \*    \*    \*    \*    \*
  Other (except  \*  \*  \*) .. 22½% ad val. (22% on or after 7/1/63)

Para.
353   Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, all the foregoing and parts thereof, finished or unfinished, wholly or in chief value of metal, and not specially provided for:
  \*    \*    \*    \*    \*    \*
  Other (except  \*  \*  \*) .. 12½% ad val. (11½% on or after 7/1/63)
  Parts, finished or unfinished, wholly or in chief value of metal, n.s.p.f., of articles provided for in this paragraph:
  \*    \*    \*    \*    \*    \*
  Other ...............The rate for the article of which they are part . . . .

The Customs Court, finding as a matter of fact that the SA–40 analyzer is a self-contained unit, held its proper classification to be under paragraph 360 as a complete instrument. The presumption that the SA–40 was chiefly used for scientific or laboratory purposes was concluded to be inherent in the original classification, the court reasoning:

Since it is presumed from the classification that the articles of which the importations were parts are scientific or laboratory instruments, and since it appears from the stipulation of the parties that the importations (exclusive of the SA–40  \*  \*  \*) were dedicated to use with the SA–40 it follows that plaintiffs had the bur-

den of showing that the SA–40 was not a scientific or laboratory instrument. The court then overruled the protests on appellants' failure to sustain this burden of proof, saying:

\*   \*   \*   The record fails to establish that the SA–40 is neither a scientific nor a laboratory instrument within the purview of paragraph 360. Therefore, we have concluded that the SA–40, and its parts are classifiable under paragraph 360 of the Tariff Act of 1930, as modified, as scientific or laboratory instruments and parts thereof.

Appellants contend that they have discharged their dual burden of proof by showing the incorrectness of the official classification as "parts" under paragraph 360 and the propriety of the claimed classification under paragraph 353. It is urged that classification as parts of scientific or laboratory instruments does not require the subsidiary finding that the SA–40 analyzers per se were scientific or laboratory instruments. The official classification is said to presume only that the SA–40 analyzers operated as part of some greater instrumentation chiefly used for scientific or laboratory purposes. Thus the Government would have the burden of proof of chief use to establish the alternative claim.

Had appellants fully carried their dual burden of proof with respect to the incorrectness of the original classification and the propriety of the claimed classification, we would be constrained to sustain their protests. Although the presumption of correctness attaches not only to the ultimate conclusion of the collector on the proper classification but also to every subsidiary fact necessary to support that conclusion, United States v. New York Merchandise Co., Inc., 435 F.2d 1315, 58 CCPA 53, 58, C.A.D. 1004 (1970), the original classification in this case does not require the finding that the SA–40 rather than some greater instrumentation was chiefly used for scientific or laboratory purposes. For the alternative classification, therefore, the

**638**

burden of proof would shift to the Government on the chief use of the SA–40.

But we are not satisfied that appellants have proven by the required preponderance of the evidence that the collector's classification is incorrect. See Technical Tape Corp. v. United States, 55 CCPA 38, C.A.D. 931 (1968). No evidence has been submitted that the internal parts or the external accessories which constituted a significant portion of the importations are other than "parts". In fact it has been stipulated that all of these "parts" are "designed to go into [sic] the SA–40." Nor has it been established that the SA–40 is not a scientific or laboratory instrument, as pointed out by the lower court. The bases for the original classification stand intact.

As for the SA–40 units, despite the lower court's characterization of these analyzers as "self-contained" units, we find no adequate rebuttal to the finding inherent in the original classification that these are "parts" of some greater instrumentation which is chiefly used for scientific or laboratory purposes. As the Customs Court itself pointed out, and as substantiated by the trial testimony, the SA–40 "will not perform work without an electrical input from some source which will give it a varying amplitude pulse." The evidence establishes that this electrical pulse may come from various devices, for example, the Coulter counter depicted in Exhibit 1 of the record or the probe for sensing gamma radiation included among the imported accessories. The SA–40, therefore, remains a part of a greater instrumentation, even though it may be a complete unit in certain respects. It has not been refuted that this total working combination is chiefly used for scientific or laboratory purposes.

Accordingly, we find that the presumption of correctness has not been overcome and the judgment of the Customs Court overruling the protests is affirmed.

Affirmed.