57 CCPA

**VICTORIA DISTRIBUTORS, INC.,**
**Appellant,**

v.

**The UNITED STATES, Appellee.**
**Customs Appeal No. 5340.**

United States Court of Customs
and Patent Appeals.
April 30, 1970.

Allerton deC. Thompkins, New York City, for appellant.

William D. Ruckelshaus, Asst. Atty. Gen., Alan S. Rosenthal, Raymond D. Battocchi, Washington, D. C., for the United States.

Before RICH, Acting Chief Judge, BALDWIN and LANE Judges, and JONES, Senior Judge, United States Court of Claims, sitting by designation.

LANE, Judge.

Victoria Distributors, Inc., importer, appeals from the judgment of the United States Customs Court, Second Division, 61 Cust.Ct. 364, C.D. 3634 (1968), overruling its protest against the collector's assessment of duty at 30 percent ad valorem on battery-operated horn-light combinations, classified as parts of

bicycles under paragraph 371 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802. Appellant contends that the horn-light combinations should have been classified under paragraph 353 of said act, as modified by the Sixth Protocol Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, or by Presidential Proclamation No. 3468, 97 Treas. Dec. 157, T.D. 55615, and Presidential Proclamation No. 3479, 97 Treas. Dec. 430, T.D. 55649, either as electrical signaling devices of metal, and dutiable at the rate of 10½ or 9½ percent ad valorem, depending upon the dates of entry, or as articles of metal having essential electrical features, not specially provided for, dutiable at the rate of 13¾ or 12½ percent ad valorem. We affirm the judgment of the Customs Court.

The pertinent provisions of the statutes involved read as follows:

Paragraph 371, as modified by T.D. 51802:

Parts of bicycles, not including tires:

\*  \*  \*  \*  \*  \*  \*  \*

Other ................................... 30% ad val.

Paragraph 353, as modified by T.D. 54108:

Electrical signaling, welding, and ignition apparatus, instruments (other than laboratory), and devices, finished or unfinished, wholly or in chief value of metal, and not specially provided for ....... 10½% ad val.

Paragraph 353, as modified by T.D. 55615 and 55649:

Electrical apparatus, instruments (other than laboratory), and devices, and parts thereof, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

Signaling, welding and ignition, and parts thereof ............................. 9½% ad val.

Paragraph 353 of the Tariff Act of 1930, as modified by T.D. 52739:

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

\*  \*  \*  \*  \*  \*  \*  \*

Other (\* \* \*) ......................... 13¾% ad val.

This rate was reduced to 12½ per centum ad valorem by T.D. 55615 and T.D. 55649.

---

The record reveals that the horn-light combinations, hereinafter horn-lights, involved consist essentially of chrome-plated metal enclosures, with a place for electric batteries inside, and a head lamp at the front end. A wire extends from the device to a push button which is used to operate the horn element of the article. The device has clamps, screws and nuts for mounting, for example, on

handle bars, and finds use primarily in conjunction with bicycles.

Appellant introduced evidence in the nature of testimony of five witnesses, all well qualified in connection with the sale and uses in the United States of bicycles and equipment for bicycles. These witnesses were in general agreement as to the market to which the horn-lights are sold, the category in which they are regarded by the trade, and their use. According to the witnesses, horn-lights are sold to nearly everyone in the bicycle trade, but not to bicycle manufacturers as original equipment. All of the witnesses said a distinction was made in the trade between bicycle parts and bicycle accessories, with those elements essential for the proper functioning and use of a bicycle considered parts, while optional equipment such as baskets, bells, luggage carriers, and streamers were considered to be accessories. All agreed that horns, lights and horn-light combinations were accessories and not parts. One witness testified that horn-lights are used as lights and warning signals on bicycles. While no witness would admit to knowledge of any law requiring that a bicycle be sold with either a light or horn-light on it, or even that use of a bicycle at night requires a light, at least one felt that if bicycles were used at night, a horn or light would be a good safety feature. Another witness testified that he had seen horn-lights used in the Middle West as accessory items for bicycles, pedal cars, and motor bicycles. Another testified that the horn-lights were made mostly for bicycle use but noted that he had seen them used a couple of times on scooters and once on a golf cart.

Appellee called as a witness the president of a firm engaged in selling motor scooters, golf carts and other small motorized vehicles. This witness stated that he had seen the horn-lights used occasionally on such vehicles when necessary to install an economical, temporary expedient for both visual and audio signals. A use on golf carts in operation at the World's Fair proved unsatisfactory, the witness said.

It is appellant's position that the above evidence supports its contention that the horn-lights are not parts of bicycles for the reason that they are regarded by the trade as accessories and not as bicycle parts, have substantial non-bicycle uses and are signaling devices.

The Customs Court's review of the evidence led it to the conclusion, among others, that:

> * * * the horn-light combination involved herein performs a useful function when attached to a bicycle and contributes to the safe, proper, and efficient operation thereof, and that a light is necessary to its use at night.
>
> *   *   *   *   *   *
>
> * * * [T]he record fails to establish any significant alternative uses for these horn-lights and * * * it fails to overcome the presumption that they are dedicated to use on bicycles * * *.

The court thereupon overruled appellant's protest.

There is no doubt that the bicycle trade considers the imported horn-lights to be "accessories" within the common meaning of that term in that trade. That they are optional equipment not absolutely essential to the operation of the bicycle as a locomotion device cannot be disputed. However, we agree with the Customs Court that that fact is not necessarily decisive of the issue herein for the question here is not whether the subject imports are "accessories" under any provisions of the Tariff Act but whether they are classifiable for duty as "parts" of something for which they are used or subject to some alternative classification. Thus, to find that something would be dutiable as a "part" does not in the least preclude its being an accessory in trade parlance.

In Trans Atlantic Company v. United States, 48 CCPA 30, C.A.D. 758 (1960), this court had occasion to review pertinent authorities dealing with the question of when a separate device is a "part" of a machine and found that:

> In all of these cases, as in the present case, there was an option on the part of the purchaser of the article to use it either with or without the imported auxiliary devices. When the purchaser elected to use the article with such auxiliary devices, the devices were held in each case to be parts of the article for which they were designed and intended for use. In all these cases the articles could have been used without the imported auxiliary device. In these cases the court considered the function of the auxiliary part when the purchaser elected to use it as a part of the article and did not consider it determinative that the article could function without the auxiliary part.

That case was followed in Gallagher & Ascher Co. v. United States, 52 CCPA 11, C.A.D. 849 (1964), involving imported auxiliary heaters which were optional equipment for a Volkswagen automobile which came equipped with a conventional heater and could be operated without the additional heater. These facts were not considered to be determinative of the issue. Rather, this court found that the imported heaters were dedicated to a sole specific use and for no other use, and furthermore that they "contributed to the safe and efficient operation of the Volkswagen in frigid temperatures in relation to the comfort of its occupants and in aid of the indispensible safety factor of vision by assisting in the removal of ice from the windshield." As such, the heaters were found to be part of the automobile.

Significant, therefore, is the question of whether the imported horn-lights are dedicated for use upon bicycles in the performance of the function for which they were designed. Since the collector classified these articles as parts of bicycles, it is presumed that he so found with respect to this necessary fact of classification. It is well settled that the finding of the collector upon which the classification was predicated carries with it a presumption of correctness.

Appellant contends that the evidence of record supports its view that the horn-lights have substantial uses other than on bicycles. We disagree. Appellant's witness testified that he had seen these articles a "couple of times" on scooters and "once" on a golf cart "[a] couple of years ago." Appellee's witness observed their use on small motorized vehicles on "several occasions"; however, the last observed use on golf carts proved unsuccessful and short-lived. We are not persuaded that the Customs Court erred in its assessment of the evidence. It is apparent to us also that as a matter of commercial reality, the imports in question are dedicated to use on bicycles. We also find that the horn-lights contribute to the safe and efficient operation of bicycles.

We have considered the additional arguments of appellant and authorities cited in support thereof, as well as our decision in Herbert G. Schwartz, dba Ski Imports v. United States, 57 CCPA, 417 F.2d 1391, C.A.D. 971 (1969), which we feel is inapposite to the situation here because of the special history of the statutory provision involved in that case.

The judgment of the Customs Court is affirmed.

Affirmed.