**POLLARD BEARINGS CORPORATION**

v.

**UNITED STATES.**

**C.D. 4619; Court No. 70/61480–17287–70.**

United States Customs Court.

Dec. 15, 1975.

Donohue & Donohue, New York City (John P. Donohue and James A. Geraghty, New York City, of counsel), for plaintiff.

Rex E. Lee, Asst. Atty. Gen. (Andrew P. Vance and Robert B. Silverman, New York City, trial attorneys), for defendant.

LANDIS, Judge:

This case, involving the classification of integral shaft bearings as parts of pumps for liquids under TSUS item 660.-90, is here on remand from the United States Court of Customs and Patent Appeals. *Pollard Bearings Corporation v. United States*, 511 F.2d 568, 62 CCPA ——, C.A.D. 1146 (1975). The appeals court held that the imported integral shaft bearings were "more than" parts for automobile water pumps and reversed this court's decision sustaining the customs classification of the integral shaft bearings as pump parts under TSUS item 660.90. *Pollard Bearings Corporation v. United States*, 363 F.Supp. 1191, 71 Cust.Ct. 1, C.D. 4461 (1973). Remand was ordered to provide this court the opportunity to express its views on the issues raised by the claims on both sides with respect to the proper classification of integral shaft bearings under TSUS other than as pump parts.

■ On remand, therefore, I am brought to consider plaintiff's claims that integral shaft bearings should be classified either under TSUS item 660.52 as parts of piston-type engines, or under item 692.25, as parts of motor vehicles. Both those items specify a duty rate of 8.5 per centum ad valorem. Also, before

me for consideration is defendant's alternative claim tactically[1] alleging that integral shaft bearings that are not pump parts cannot be classified as parts of engines or motor vehicles because integral shaft bearings are specifically provided for in the provision under TSUS item 680.35 for ball or roller bearings, dutiable at 3.4 cents per pound plus 15 per centum ad valorem.[2]

■ The gist of defendant's memorandum arguing the item 680.35 claim is that as commonly understood, and as Congress understood, the term "ball or roller bearings" included integral shaft bearings. However, as between plaintiff's claimed provisions, defendant notes that the tariff provision for parts of piston-type engines (item 660.52) covers integral shaft bearings more specifically than does the tariff provision for parts of motor vehicles (item 692.25)[3] and if plaintiff is to prevail the court should grant judgment for plaintiff based on item 660.52 rather than item 692.25.[4] Plaintiff is not inclined to differ with defendant's latter assessment.

■ In this case, both sides have directed their strongest argument[5] to the questions posed by defendant's contention that when Congress specifically provided for "ball or roller bearings" in TSUS item 680.35, it understood the common meaning of the term to include integral shaft bearings and that merchandise such as that important should be classified under item 680.35. However, upon consideration of the record and argument I conclude that the term "ball or roller bearings," in the common meaning used by Congress in TSUS item 680.35,[6] did not include integral shaft bearings.

■ Defendant agrees that "ball or roller bearings," as commonly understood, consist of (1) a set of rolling elements, (2) an outer ring or shell, and (3) an inner ring, which function to convert sliding friction into rolling friction. Integral shaft bearings, as the record attests, consist of (1) a set of rolling elements, (2) an outer ring but no inner ring. Grooves cut into the integral shaft eliminate the necessity for a separate inner ring. Witnesses for both sides, as defendant points out, offered differing opinions as to whether the term "ball or roller bearings" in common meaning included integral shaft bearings. The testimony is, therefore, not helpful to the court and I give it no weight.[7] Defendant, on the evidence in this record, having failed to make out a case for classification under item 680.35, although the burden of proof rested on it to do so,[8] proceeds to argue that lexicons and the legislative history associated with the amendment that changed the provision "Ball or roller bearings, and parts there-

1. Tactically because if defendant's alternative claim is properly established it can negate plaintiff's contrary claims but does not entitle defendant to have an affirmative judgment as it merely results in the overruling of plaintiff's claims without affirming the customs classification. *Herrmann & Jacobs, Inc. v. United States*, 29 CCPA 279, C.A.D. 203 (1942).

2. TSUS provides as a matter of law:

 10. *General Interpretative Rules.* For the purposes of these schedules—

 * * * * * *

 (ij) a provision for "parts" of an article covers a product solely or chiefly used as a part of such article, *but does not prevail over a specific provision for such part.* [Emphasis added.]

3. Defendant's memorandum on remand, page 3 footnote.

4. In customs classification, merchandise covered by either of two tariff provisions is classifiable under the provision that is relatively more specific and definite. *United States v. Simon Saw & Steel Company*, 51 CCPA 33, C.A.D. 834 (1964).

5. Both sides replied to each others supporting memoranda.

6. *Sears, Roebuck and Co. v. United States*, 46 CCPA 79, C.A.D. 701 (1959).

7. Common meaning is a question of law. Evidence as to common meaning may be helpful but is only advisory to the court. *United States v. C. J. Tower & Sons of Buffalo, N. Y.*, 48 CCPA 87, C.A.D. 770 (1961).

8. *United States v. White Sulphur Springs Co.*, 21 CCPA 203, T.D. 46728 (1933); *Packard Instrument Co. et al. v. United States*, 471 F.2d 636, 60 CCPA 66, 68, C.A.D. 1082 (1973).

of" to read "Ball or roller bearings, including such bearings with integral shafts, and parts thereof," [9] support its position that in common meaning, and as Congress understood, the term "Ball or roller bearings" included integral shaft bearings.

The definitions cited by defendant [10] do mention that in a ball bearing the "shaft" or "journal" turns or works upon rings of balls that convert sliding friction into rolling friction. But none of the definitions specifically imply that the shaft or journal is integral.[11] To me, it is more significant that Congress has provided for ball or roller bearings in tariff acts as far back as the Tariff Act of 1909 and that at some relevant time Congress must have become aware that in the tariff sense:

* * * Antifriction bearings consist of metal balls or rollers fitted between two metal cases in such a way that a shaft may be inserted into the inner case, and the outer case into the bearing frame, the contact between the two cases being through balls or rollers. This arrangement substitutes a rolling contact for the sliding contact of the ordinary bearing and thus reduces friction.

The automobile industry is the largest consumer of ball and roller bearings; the bicycle affords examples of the use of the former variety. Some antifriction bearings are used in screw-jacks, many machine tools, elevators, etc. [United States Tariff Commission, *Dictionary of Tariff Information* (1924), page 35.]

In the historical tariff sense, thereof, a shaft was not commonly understood as necessary to the completeness of a ball or roller bearing that is designed in a way that a shaft may be inserted into the inner case or ring. The shaft, on the other hand, is intrinsic to the completeness of an integral shaft bearing. Physically and functionally, because of the shaft, I find that an integral shaft bearing is more than a ball bearing: (1) Physically, because in common meaning the term "ball bearing" does not include a shaft, (2) functionally, because on this record, as the court of appeals found, the integral shaft bearings are designed in accordance with the stresses resulting from the automobile fan supporting and the rotating function rather than from the stresses resulting from the automobile water impeller supporting and the rotating function of the bearing. There is no evidence that ball or roller bearings

9. TSUS did not on the dates covered by the entries in this case specifically provide for integral shaft bearings. Subsequent to these importations, in late 1965, Congress in the Technical Amendments Act of 1965, 79 Stat. 933, 940, amended the heading "Ball or roller bearings, and parts thereof" to read "Ball or roller bearings, including such bearings with integral shafts and parts thereof." Ball bearings with integral shafts are presently identified in TSUS as item 680.33.

10. Defendant cites the following definitions:
 *Funk & Wagnall's New "Standard" Dictionary of the English Language* (1956), at p. 215:
 A bearing in which the *shaft* at its points of support rests upon or is surrounded by small balls that turn freely as the shaft revolves.
 *Webster's Third New International Dictionary, Unabridged* (1963), at p. 167:
 A bearing in which the *journal* turns upon loose hardened steel balls that roll easily in a

race and thus convert sliding friction into rolling friction.
 *Audels' New Mechanical Dictionary* (1960), at p. 53:
 A bearing whose *journal* works upon rings of balls, which roll easily in their grooves or races. Friction upon a series of points is thus substituted for that upon a surface, thus eliminating a considerable amount of total friction. . . . [Emphasis added.]
 *Chamber's Technical Dictionary* (1953), at p. 73:
 A *shaft* bearing consisting of a number of hardened steel balls which roll between an inner race forced onto the *shaft* and an outer race carried in a housing. . . . [Emphasis added.]
[Defendant's memorandum, pages 3–4.]

11. Integral means: "1. Constituting a completed whole. 2. Constituting an essential part of a whole necessary for completeness; intrinsic * * *" (*Funk & Wagnall's Standard Dictionary of the English Language*, International Edition (1963)).

that functionally cope with friction are also designed to handle support stresses.

Defendant to the contrary, I am of the opinion that when Congress, in 1965, amended the provision "Ball or roller bearings" to read "Ball or roller bearings, including such bearings with integral shafts," it did so not to merely clarify an understanding that the term "ball or roller bearings" commonly included integral shaft bearings, *Velan Steam Spec. & Velan Valve Corp. v. United States*, 420 F.2d 1399, 57 CCPA 58, C.A.D. 976 (1970); *United States v. Geo. Wm. Rueff, Inc.*, 41 CCPA 95, C.A.D. 535 (1953), but to create a "specific category for ball bearings with integral shafts" at the same rate (12 per centum ad valorem) which the Customs Service applied when it classified shaft bearings as a "pump part," [12] rather than as ball or roller bearings. Also, creating a specific category for integral shaft bearings, administratively classified as pump parts in this case, strikes me as a legislative admission that in common meaning the term "ball or roller bearings" did not include integral shaft bearings, *Westfeldt Brothers v. United States*, 36 Cust.Ct. 112, 118, C.D. 1760 (1956); *Sears, Roebuck & Co. v. United States*, 2 Ct.Cust.Appls. 451, 453–54, T.D. 32203 (1912); *Thalson Co. v. United States*, 64 Cust.Ct. 418, C.D. 4011 (1970); *A. F. Burstrom v. United States*, 36 Cust.Ct. 46, 50, C.D. 1752 (1956), aff'd 44 CCPA 27, C.A.D. 631 (1956); *John Horvath Company v. United States*, 274 F.Supp. 986, 59 Cust.Ct. 397, 404, C.D. 3174 (1967). The court is also not aware that Congress has ever, in a clarifying amendment, specified a rate of duty (for the article clarifyingly included in the original provision) different from the duty rate originally specified in the original provision. *Cf. Ralph C. Coxhead Corp. v. United States*, 22 CCPA 96, 101, T.D. 47080 (1934). Also, if Congress intended to merely clarify that the superior heading "ball or roller bearings" necessarily included such bearings with integral shafts, then it seems odd that the

inferior headings under the alleged clarifying amendment would provide different rates of duty for ball bearings with integral shafts and other bearings.

 Defendant, as previously stated, except for its claim as ball or roller bearings, has expressed the opinion that, on this record, integral shaft bearings are classifiable under item 660.52 as parts of piston-type engines. Plaintiff, while recognizing that it is the province of the court to decide the proper classification of integral shaft bearings, agrees. Integral shaft bearings, as above noted, are currently specifically provided for in TSUS. Plaintiff's alternative claims under items 660.52 and 692.25 both specify a duty rate of 8.5 per centum ad valorem. Defendant having conceded that item 660.52 is relatively more specific as to the imported integral shaft bearings than is item 692.25, I hold that the imported integral shaft bearings should be classified under item 660.52.

Judgment will be entered accordingly.

---

12. 2 U.S.Code Cong. & Admin.News 1965, pages 3416, 3443.