### HENRY A. WESS, INC.
### v.
### UNITED STATES.

C.D. 4706;  Court No. 67/49679–8027.

United States Customs Court.

July 11, 1977.

---

Allerton deC. Tompkins, New York City, for plaintiff.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C. (David M. Cohen, Chief, Customs Section, and William F. Atkin, New York City, trial atty.), for defendant.

RE, Chief Judge:

The question presented in this case pertains to the proper classification, for customs duty purposes, of certain merchandise imported from Japan. The customs invoices described the merchandise as "mechanical device whiskey bottle" and "battery operated mechanical device for bottles."

The merchandise was classified by the customs officials as "[t]oys, and parts of toys, not specially provided for: * * * Other," under item 737.90 of the Tariff Schedules of the United States [TSUS]. Consequently, it was assessed with duty at the rate of 35% ad valorem.

Plaintiff contests the classification and, hence, the rate of duty assessment. It is plaintiff's primary claim that the merchandise should have been properly and lawfully classified as "[m]achines not specially provided for, and parts thereof," under item 678.50 of the tariff schedules which provides for a duty rate of only 10% ad valorem. Alternatively, plaintiff claims classification of the imported merchandise as

"[e]lectrical articles, and electrical parts of articles, not specially provided for," under item 688.40, with a duty rate of 11.5% ad valorem, or as "[m]agic tricks, and practical joke articles," under item 737.65, with a duty rate of 20% ad valorem.

The pertinent provisions of the tariff schedules may be set forth as follows:

*Classified by the customs officials under:*

Schedule 7, Part 5, "Subpart E.—Models; Dolls, Toys, Tricks, Party Favors

*Subpart E headnotes:*

\* \* \* \* \* \*

2. For the purposes of the tariff schedules, a "*toy*" is any article chiefly used for the amusement of children or adults.

\* \* \* \* \* \*

Toys, and parts of toys, not specially provided for:

\* \* \* \* \* \*

737.90     Other ........................ 35% ad val."

*Plaintiff's claimed classifications:*

Schedule 6, Part 4, "Subpart H.—Other Machines

\* \* \* \* \* \*

678.50   Machines not specially provided for, and parts thereof ............. 10% ad val."
Schedule 6, "Part 5.—Electrical Machinery and Equipment

\* \* \* \* \* \*

688.40   Electrical articles, and electrical parts of articles, not specially provided for .............. 11.5% ad val.

\* \* \* \* \* \*

[Schedule 7, Part 5, Subpart E]

737.65   Magic tricks, and practical joke articles .................... 20% ad val."

It has been stipulated that the merchandise is a "part" of a practical joke article described as a "Frisky Whiskey Bottle." On the development of the concept of parts in customs law, see cases discussed in *Vilem B. Haan et al. v. United States*, 332 F.Supp. 182, 186–191, 67 Cust.Ct. 104, 112–118, C.D. 4260 (1971). The parties, however, are in serious disagreement whether the practical joke article, i. e., the Frisky Whiskey Bottle, is a toy within the meaning of the tariff laws.

Although the tariff laws specifically provide for "practical joke articles" in item 737.65 of the tariff schedules, that item does not provide for "parts" of practical joke articles. The customs officials, therefore, were confronted with the problem of classifying a part of a practical joke item when the provision for practical joke articles did not cover parts.

In the absence of a provision for "parts," the customs officials did not classify the merchandise, i. e., the part of the practical joke article, under the *eo nomine* provision for practical joke articles. They thereby adhered to the well-established principle of customs law that parts of an article are not included within an eo *nomine* designation of the article unless the tariff provision also expressly covers "parts" of the article. *See United States v. Lyons Transport*, 45 CCPA 104, C.A.D. 681 (1958); *Pacific Fast Mail v. United States*, 338 F.Supp. 506, 68 Cust.Ct. 41, C.D. 4333 (1972), *appeal dismissed*, 59 CCPA 223 (1972).

For customs classification purposes, parts of an article, and the article itself, are deemed to be separate and distinct articles. Hence, because of the absence of a parts provision, it cannot be contended that parts of practical joke articles are classifiable under the *eo nomine* provision for practical joke articles. Plaintiff's claim that the imported merchandise, concededly a part, is classifiable under item 737.65, which *eo nomine* covers the article, is therefore overruled.

Commencing with the premises that the merchandise is a constituent or component part of a practical joke article, and that "practical joke articles" are provided for *eo nomine* in item 737.65, plaintiff has set forth its position in its brief as follows:

"However, said Item 737.65 does not provide for 'parts' of practical joke articles, so plaintiff claims that the imported item should be classified either under the provision in TSUS 688.40 for 'electrical articles \* \* \* not specially provided for' with duty at 11.5% ad valorem, or as 'machines not specially provided for' under TSUS 678.50 with duty at 10% ad valorem."

The classification problem presented is new only insofar as the merchandise consists of parts of practical joke articles. An analogous or comparable problem was dealt with in *Ideal Toy Corporation v. United States*, 63 Cust.Ct. 406, C.D. 3926 (1969), *aff'd*, 433 F.2d 801, 58 CCPA 9, C.A.D. 996 (1970). In the *Ideal Toy* case, the merchandise consisted of miniature automobile chassis and bodies designed for use with a particular commercial line of model cars known as the Motorific line. Since the model kit provisions of the tariff schedules, i. e., items 737.05 through 737.09, did not provide for "parts" of models, the automobile chassis and bodies were classified by the customs officials as parts of toys under item 737.90, and were assessed with duty at 35% ad valorem. Plaintiff contested the classification and contended that the miniature car chassis and bodies should have been classified either as machines not specially provided for under item 678.50, dutiable at 10% ad valorem, or as electrical articles not specially provided for, under item 688.40 with duty at 11.5% ad valorem. This court, in an opinion by Judge Maletz, overruled the protests, and held that the automobile chassis and bodies had been correctly classified as parts of toys under item 737.90. The appellate court not only agreed with the conclusion of this court, but also adopted its reasoning and analysis of the legal problem presented. Indeed, the appellate court adopted this court's statement of the facts and quoted extensively from its opinion.

In the *Ideal Toy* case, the appellant-importer, before the appellate court, pursued the contention that had been previously advanced in this court, that the miniature automobile chassis and bodies were not dutiable as parts of toys under item 737.90 "inasmuch as those parts are specifically provided for elsewhere." The appellate court did not agree with that contention and quoted with approval the opinion of the Customs Court that "the intent of general headnote 10(ij) is that a provision for 'parts' is to be deemed more specific than a provision for 'articles, not specially provided for,' and therefore prevails" over general or "basket" provisions.

The appellate court proceeded to say: "The court [U.S. Customs Court] was of the view, and we think correctly so, that the provisions for articles not specially provided for of rubber or plastics (item 774.60); machines not specially provided for (item 678.50); and electrical articles not specially provided for (item 688.40) are all general descriptive provisions, i. e., basket clauses, which do not specifically describe one type of article." 433 F.2d at 804, 58 CCPA at 13.

Among other things the court quoted the statement of the trial court that "[t]hey [the provisions urged by the appellant-importer] are scarcely the 'specific provisions' which would invoke the operation of general headnote 10(ij)."

Judge Almond, writing for the appellate court in the *Ideal Toy* case, concluded by stating: "[s]uffice it to say that we are not persuaded of error in the judgment rendered by the Customs Court" and, therefore, affirmed. A close reading of the appellate court opinion reveals that, in effect, it adopted the opinion of the Customs Court.

Much that is stated in both the trial and appellate courts' opinions in the *Ideal Toy* case is applicable to the discussion of the mechanical device that is a part of the whiskey bottle in the present case.

Quite naturally the defendant in this case approves, and indeed relies upon the legal approach by which the customs officials in the *Ideal Toy* case classified the miniature automobile chassis and bodies as parts of toys under item 737.90. In its main brief defendant submits that:

"This Court's prior approval of this scheme as well as logic support this classification—since practical joke articles are toys, parts of practical joke articles are parts of toys and absent a specific provision for parts of practical joke articles, the next most specific classification would be that as 'parts of toys.'"

Defendant stresses the customs law principle that a provision for "articles not specially provided for" is less specific than a

provision for "parts," and therefore a provision for "parts" prevails over a "basket" provision. *J. E. Bernard & Co., Inc. v. United States*, 299 F.Supp. 1129, 62 Cust.Ct. 536, C.D. 3822 (1969), *aff'd*, 58 CCPA 91, C.A.D. 1009, 436 F.2d 506 (1971); *J. E. Bernard & Co., Inc. v. United States*, 59 Cust.Ct. 31, C.D. 3060 (1967).

■ Differently stated, the defendant relies upon the principle that, under General Interpretative Rule 10(ij), a tariff provision will prevail over a "parts" provision, only if it is a specific provision which describes the merchandise. Hence, the defendant emphasizes that since both of plaintiff's claimed classifications are not specific provisions, but are provisions for "articles not specially provided for," they cannot prevail over a "parts" provision. Specifically, the defendant concludes that since a "parts" provision, such as item 737.90, TSUS, will prevail over "basket" provisions, "such as the two classifications claimed," plaintiff has "failed to meet either of its burdens of proof and its claim must therefore fail."

It is significant that the competing provisions in the *Ideal Toy* case are identical to those in the present action, i. e., item 737.90 versus items 678.50 and 688.40. In view of the judicial rejection of the contentions, now repeated in this case, it is clear that plaintiff's claimed classifications under items 678.50 and 688.40 must be rejected.

Plaintiff, nevertheless, vigorously disagrees and, in its main brief, asserts that "[u]nder the present tariff law a practical joke article is not a 'toy'; it can not be classified as a 'toy'. Therefore, a part of a practical joke article is not a 'part' of a 'toy'." It adds that "[t]his logical reasoning is inevitable." In its reply brief, it asserts that the *Ideal Toy* decision "does not support the claims advanced by defendant," and that it "has no relevancy whatsoever to the claims advanced by plaintiff in this case."

The court does not agree that the *Ideal Toy* case is irrelevant to the solution of the customs classification problem presented. Also, the court does not agree with the reasons or examples given by plaintiff, in its various briefs, designed to show that a practical joke article is not a toy.

Plaintiff takes issue with defendant's assertion that "[s]ince a practical joke article is chiefly used for the amusement of children or adults it is obviously a toy." Furthermore, plaintiff asserts that a practical joke article is not a "plaything," and that "toys chiefly used for amusement are basically playthings."

■ That "toys must be playthings" has not been the law subsequent to the enactment of the tariff schedules. *See Rhee Importers v. United States*, 486 F.2d 1385, 61 CCPA 2, C.A.D. 1108 (1973); *United States v. Topps Chewing Gum, Inc.*, 440 F.2d 1384, 58 CCPA 157, C.A.D. 1022 (1971).

The *Topps Chewing Gum* case illustrates clearly that an article need not be a plaything to be a toy under the tariff schedules. In *Topps*, the question presented was whether buttons with humorous sayings were properly classified as "toys" under item 737.90 of the tariff schedules. This court held that the buttons were not classifiable as "toys" since "to constitute a toy the article must be a plaything." *Topps Chewing Gum, Inc. v. United States*, 63 Cust.Ct. 431, 434, C.D. 3930 (1969). The Court of Customs and Patent Appeals reversed (C.A.D. 1022, *supra*), and expressly rejected the "plaything" argument now being urged anew in the present case.

Specifically referring to the holding of this court, that for tariff purposes a toy had to be a plaything, the appellate court in the *Topps* case wrote:

"The court [Customs Court] reached this result through an unduly narrow construction of the term 'amusement.' After noting that prior to the enactment of the TSUS a 'toy' was defined as a child's plaything, the court cited *Wilson's Customs Clearance, Inc. v. United States*, 59 Cust.Ct. 36, C.D. 3061 (1967), for the proposition that the TSUS removed the limitation regarding the users' age but left the requirement that the object be a plaything. We think this conclusion is unsupported by the wording of the TSUS

or by case authority. In the *Wilson's* case the court did not hold that to be a toy an object had to *be* a plaything * * *." (Emphasis in original.) 440 F.2d at 1385, 58 CCPA at 159.

Any remaining doubt is dispelled by the following statement in the *Rhee Importers* case:

"We note further that three of appellant's four witnesses considered the articles to be toys or not to be toys upon the basis of whether they were or were not used as playthings—a factor considered irrelevant by this court upon enactment of the Tariff Schedules of the United States. *United States v. Topps Chewing Gum, Inc.*, 58 CCPA 157, C.A.D. 1022, 440 F.2d 1384 (1971)." 486 F.2d at 1387, 61 CCPA at 5.

In its surreply brief plaintiff modified its original argument that to be a toy an article had *to be* a plaything. It extracts a quotation from the *Topps* opinion and asserts that the provision for toys in item 737.90 "is limited to those articles of amusement which 'give the same kind of enjoyment *as playthings give*'." (Emphasis in original.) The quotation is taken from a portion of the *Topps* opinion wherein the court is distinguishing the case of *Wilson's Customs Clearance, Inc. v. United States*, 59 Cust.Ct. 36, C.D. 3061 (1967).

The language of the court in *Topps* follows:

"In the *Wilson's* case the court did not hold that to be a toy an object had to *be* a plaything, but that the 'character of amusement involved was that derived from an item which is essentially a plaything.' *Id* at 39. The court thus stressed the quality of mind or emotion induced by the object as controlling, and we think that is the best approach to interpreting the TSUS definition. If the purpose of an object is to give the same kind of enjoyment as playthings give, its purpose is amusement, whether the object is to be manually manipulated, used in a game, or, as here, worn." (Emphasis in original.) 440 F.2d at 1385, 58 CCPA at 159.

Surely plaintiff can find no support in this quotation for its apparent attempt to revive the pre-TSUS requirement that a toy had to be a plaything. In view of the TSUS expanded concept of toy, *Topps* teaches that "[i]f the purpose of an object is to give the same kind of enjoyment as playthings give, its purpose is amusement, whether the object is to be manually manipulated, used in a game, or, as here [the buttons in the *Topps* case], worn." Clearly the thrust of the explanation is that the article must have amusement as its purpose or *raison d'être*.

Plaintiff expresses the concern that unless its suggested meaning of "toys" is accepted, the item that covers "toys" will invade "tariff provisions for such things as cards, target rifles, cameras, television sets, firecrackers, race horses, golf, tennis and outdoor sports equipment, as well as *every* article of amusement in an 'amusement park'."

No argument, however vigorously asserted, can alter the fact that the governing statutory language provides that "[f]or the purposes of the tariff schedules, a *'toy'* is any article chiefly used for the amusement of children or adults." Plaintiff has not shown that the Frisky Whiskey Bottle, admittedly a practical joke article, is not an article chiefly used for the amusement of adults. In the absence of a showing to the contrary, the court may rely upon the presumption of correctness that the Frisky Whiskey Bottle is an article chiefly used for amusement, and therefore, for the purpose of classifying the imported parts, a toy within the meaning of the tariff schedules.

It cannot be disputed that in order to prevail plaintiff must bear the burden of proving that the customs classification is erroneous, and that its claimed classification is correct. 28 U.S.C. § 2635(a); *United States v. New York Merchandise Co., Inc.*, 435 F.2d 1315, 58 CCPA 53, C.A.D. 1004 (1970). Plaintiff has failed to meet its burden of proof.

In view of the foregoing it is the determination of the court that the classification of the imported merchandise under the "parts

of toys" provision of tariff item 737.90, as classified, prevails over the tariff items claimed by plaintiff.

Since it is the determination of the court that the merchandise has been properly classified, the classification is affirmed and the protest is overruled.

Judgment will issue accordingly.