The UNITED STATES, Appellant,

v.

TILTON TEXTILE CORP., Appellee.

**Appeal No. 77–7.**

United States Court of Customs and Patent Appeals.

Nov. 10, 1977.

Customs Section, Jerry P. Wiskin, New York City, for the United States.

Siegel, Mandell & Davidson, New York City, attys. of record, for appellee; Steven S. Weiser, New York City, of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN, LANE and MILLER, Judges.

RICH, Judge.

This appeal is from the judgment of the United States Customs Court, 77 Cust.Ct. 27, C.D. 4670, 424 F.Supp. 1053 (1976), sustaining consolidated protests by the importer, Tilton Textile Corp. (Tilton), to the classification of "carded greige unbleached woven fabric, wholly of cotton, Style No. 44144," exported from Portugal. Familiarity with the trial court opinion is assumed. We affirm.

Briefly described, the importation is a fabric formed from three sets of threads. The warp threads and a first set of filling threads interlace in the usual manner to form a base fabric. A second set of filling threads interlace with a pair of warp threads and then "float" over the surface of the fabric, spanning a plurality of intervening warp threads, before again interlacing with a second pair of warp threads in the base fabric. Were these "floating" filling threads to be cut, the base fabric would remain intact, but the cut thread ends would protrude from the fabric surface. Fabrics of similar construction, once cut, are known in the trade as velveteens, but the fabric in issue is imported uncut.

The importation was classified by Customs as a pile fabric, more specifically, as a velveteen under item 346.15 of Schedule 3, Part 4 of the Tariff Schedules of the United States (TSUS) which reads in pertinent part:

> Subpart A. Knit, Pile, Tufted, and Narrow Fabrics; Braids, and Elastic Fabrics
>
> \* \* \* \* \* \* \*
>
> Pile fabrics, in which the pile was inserted or knotted during the weaving or knitting, wheth-

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D.C., David M. Cohen, Chief,

er or not the pile covers the entire surface, and whether the pile is wholly or partly cut or is not cut:

Of cotton:

\* \* \* \* \* \* \*

Velveteens:

| 346.15 | Plain-back . . . . . . . . . . . . 25% ad val. |
|---|---|

Tilton successfully contended below that the importation is not a pile fabric at all because in the uncut condition, as imported, it has no pile surface, that is, no cut or uncut thread elements projecting from the surface of the base fabric. Rather, it is Tilton's contention that the importation is classifiable as a woven fabric of cotton under Schedule 3, Part 3, TSUS item 320.14, as modified by Presidential Proclamation 3822, T.D. 68–9, which reads in pertinent part:

Subpart A. Woven Fabrics, of Cotton

Woven fabrics [other than the foregoing], wholly of cotton:

Not fancy or figured:
Not bleached and not colored:

\* \* \* \* \* \* \*

| 320.14 | Of number 14 . . . . . . . . 9.42 or 9.94% ad valorem [depending upon date of entry] |
|---|---|

The Customs Court, in a detailed and scholarly opinion holding for Tilton, concluded that pile fabrics, for purposes of tariff classification, must have (1) a weave or construction characteristic of pile fabrics, namely, an extra set of warp or filling threads, *and* (2) a raised pile, which may be wholly or partly cut or uncut, issuing from the fabric and covering the surface at least in part. In the opinion of the trial judge, the importation did not meet the second requirement, having, in lieu of a raised pile, "only uncut, flat filling floats which lie horizontally on and are interlaced with the ground weave." The trial judge had earlier characterized the importation as follows:

\* \* \* unless or until the pile picks or filling floats of an uncut velveteen greige cloth are cut to form the pile on the face of the fabric, it is not a pile fabric within

the ambit of the pile fabrics heading and is precluded from classification thereunder as "velveteen."

■ The Government contends that the Customs Court misconstrued the statute in ignoring the plain meaning of the words there employed which purportedly require only a characteristic pile fabric weave. It is further alleged that the Customs Court's construction renders the words "not cut" nugatory as applied to filling pile fabrics (those pile fabrics wherein an extra set of filling threads forms the pile surface). We are of the opinion that these arguments are fully and satisfactorily answered in Section IV of the Customs Court's opinion.

■ It is urged by amicus curiae that the trial court erred in not finding that what the court characterized as "flat filling floats" were, in actuality, uncut-loop pile, the testimony of the Government's witnesses on this point allegedly being the more credible. As might have been expected, the testimony as to whether or not the importation presented a pile surface was conflicting. The trial judge heard the witnesses and examined the importation in the light of their testimony. Under such circumstances, we will let stand the finding of the trial court since it is not clearly contrary to the weight of the evidence. *Nishimoto Trading Co. v. United States*, 508 F.2d 1340, 62 CCPA 34, C.A.D. 1140 (1975); *Johnson v. United States*, 21 CCPA 129, T.D. 46464 (1933).

■ We turn finally to the Government's argument, unanswered by the Customs Court, that if all that must be done to the importation to form a pile fabric is to cut the filling floats, then the importation was properly classified as an *unfinished* pile fabric under TSUS General Interpretative Rule 10(h) which reads:

10. *General interpretative rules.* For the purposes of these schedules—

\* \* \* \* \* \*

(h) unless the context requires otherwise, a tariff description for an article

covers such article, whether assembled or not assembled, and whether finished or not finished; * * *.

In this regard, *American Import Co. v. United States*, 26 CCPA 72, 74, T.D. 49612 (1938) is cited by appellant for the following proposition:

> It has long been the generally accepted rule that a thing may be classified for tariff duty purposes under the *eo nomine* provision for the article unfinished if that thing has been so far processed towards its ultimate completed form as to be dedicated to the making of that article or that class of articles alone.

The Government's witness Gray testified, however, that fabrics similar to the importation are sold and employed *uncut* for the manufacture of curtains and draperies. The Government seemingly concedes that such fabrics need not be cut to be of at least limited commercial value. We fail to see the requisite "dedication" to the formation of a pile fabric under such circumstances.

The judgment of the Customs Court is *affirmed*.

LANE and MILLER, JJ., dissent.